IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INTEGRACOLOR, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4357-B |
| | § | |
| MICHAEL K. McCLURE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO MODIFY
SCHEDULING ORDER AND RELATED MOTIONS**

District Judge Jane Boyle has referred six related motions to the undersigned magistrate judge for determination or recommendation. *See* Dkt. Nos. 85 & 109. Those motions are:

1. Plaintiff's Motion for Leave to Re-Serve Subpoena on Third Party [Dkt. No. 37];

2. Plaintiff's Motion to Modify Scheduling Order [Dkt. No. 39];

3. Defendants' Motion to Strike Plaintiff's "Supplement" to Its Motion to Modify the Scheduling Order [Dkt. No. 52];

4. Plaintiff's Motion for Deferred Consideration of Motion for Summary Judgment Under Rule 56(d) [Dkt. No. 70];

5. Plaintiff's Motion for Adverse Inference and Related Sanctions [Dkt. No. 76];

6. Plaintiff's Motion to Extend Deadline for Completing Expert Report [Dkt. No. 104].

Because the issues raised in the motions are related and many of them involve scheduling, the Court will address these motions together.

## Background

Judge Boyle entered a Scheduling Order establishing deadlines for, among other things, completing discovery, making expert designations, and filing dispositive motions. *See* Dkt. No. 10. Those specific deadlines have passed. *See id.*

Because of discovery disputes, however, Plaintiff contends that those deadlines should be extended to allow it to conduct additional discovery and to analyze information recently obtained or to be obtained through additional discovery. Plaintiff also contends that the discovery disputes and recent orders regarding those discovery disputes have cause a ripple effect that has impacted not only the expert designations and reports but also the responses to motions for summary judgment recently filed by each of the four Defendants.

In her order of reference, Judge Boyle has given the undersigned complete discretion to render any decision that will affect or alter the deadlines contained in the Scheduling Order or that will impact the briefing schedule of the summary judgment motions. *See* Dkt. No. 85.

## Motions to Extend Certain Deadlines

In its Motion to Modify the Scheduling Order, Plaintiff seeks a three-month extension of the discovery deadline and all remaining deadlines. The Scheduling Order provides that it may be modified only on a showing of good cause and by leave of court. *See* Dkt. No. 10 at 8 (citing FED. R. CIV. P. 16(b)(4)).

Defendants raise a technical objection to the motion to modify because it was not signed by Plaintiff's corporate representative, as required by the Court's local rules

which provide that "[a] motion for continuance of a trial setting must be signed by the moving party as well as by the party's attorney of record." N.D. TEX. L. CIV. R. 40.1. Plaintiff subsequently filed a Supplement to its motion to modify in which Plaintiff's Chief Executive Officer stated that he approved the initial filing of the motion to modify and he provided his signature on the supplemental motion. *See* Dkt. No. 48. Defendants then filed a motion to strike the supplemental motion. *See* Dkt. No. 52.

Compliance with the governing rules is critically important. But Defendants' arguments regarding the moving party signature requirement, under the particular circumstances present here, elevate form over substance. Plaintiff's client has expressed its approval of the request to modify the scheduling order, including the trial date, in writing. Therefore, the motion to modify, as presently before the Court, complies with the Court's local rules.

Plaintiff seeks a three-month extension of the discovery deadline and all remaining deadlines and has shown good cause for modification of the deadlines. The discovery deadline was July 11, 2014. On May 29, 2014, Plaintiff filed a motion to compel discovery and to extend the deadlines for Plaintiff's expert designation and mediation. *See* Dkt. No. 22. The motion was referred to the undersigned, who heard the motion on July 16, 2014. *See* Dkt. Nos. 24, 35. On the eve of the hearing, Defendants agreed to allow Plaintiff to search the computer of Defendant Robert Grooms. The undersigned granted the motion to compel and ordered Defendants to comply with requests for production of documents by July 31, 2014. The undersigned also extended the deadline for Plaintiff's expert report to August 21, 2014. *See* Dkt. No. 36.

-3-

Plaintiff received almost 3,000 additional pages of documents on August 8, 2014.

Each of the four Defendants filed a motion for summary judgment, *see* Dkt. Nos. 56, 59, 62, & 65, and Plaintiff's responses to the motions for summary judgment were due on August 20, 2014 and August 21, 2014, the same day that Plaintiff's expert report was due.

Plaintiff argues that it needs additional time to analyze the additional documents and that, because of information contained in the additional documents, it needs to take additional depositions to prepare Plaintiff's expert report and respond to Defendants' motions for summary judgment. Plaintiff also contends that, after the additional discovery, Plaintiff may also need to designate a new expert.

Plaintiff also seeks leave to re-serve a subpoena on a non-party, which it cannot do because the discovery deadline has passed. *See* Dkt. No. 37. Plaintiff served Stover Manufacturing, which is not a party to this litigation, with a defective subpoena. *See Integracolor, Ltd. v. McClure*, No. 3:14-cv-102-B-BN, at Dkt. No. 26. Stover Manufacturing is allegedly the company formed by Defendants and for which Defendants are currently employed. Plaintiff seeks to serve a valid subpoena on Stover Manufacturing to require it to produce documents.

The Court finds good cause to modify the scheduling order and finds that Plaintiffs have made the showings required by the Court's Scheduling Order and Federal Rules of Civil Procedure 16(b)(4) and 56(d) and finds that Defendants' objections to modifying these deadlines are not well-taken.

Rule 16(b)(4) provides that a scheduling order may only be modified "for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The United States Court of Appeals for the Fifth Circuit has explained that "[t]he good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation marks omitted). The Court considers four factors in determining whether to allow a scheduling modification for good cause under Rule 16(b): (1) the explanation for the failure to complete discovery on time, (2) the importance of the amendment to the scheduling order, (3) the potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice. *See* Leza v. City of Laredo, 496 F. App'x 375, 376 (5th Cir. 2012).

Considering all of these factors, Plaintiff has demonstrated the importance of modifying and extending the Scheduling Order's deadlines and that Plaintiff acted with sufficient diligence to attempt to avoid the need for these requested extensions. But the effects of Defendants' last-minute agreement to comply with discovery requests concerning the search of Groom's computer, and their failure to comply with discovery requests, which led to the motion to compel, caused the current deadlines to become unworkable. Defendants have not shown any undue prejudice that cannot be cured with a continuance of the trial date, which will be reset in a later order by Judge Boyle.

As to Plaintiff's Rule 56(d) request, Rule 56(d) "discovery motions are 'broadly favored and should be liberally granted.'" *Raby v. Livingston*, 600 F.3d 552, 561 (5th

Cir. 2010) (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)) (construing former FED. R. CIV. P. 56(f)). Here, Plaintiff, as the nonmovant, has requested extended discovery prior to the Court's ruling on summary judgment, has placed the Court on notice that further discovery pertaining to the summary judgment motion was being sought, and has demonstrated with reasonable specificity how the requested discovery pertained to the pending motion. *See Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (construing former FED. R. CIV. P. 56(f)). Plaintiff has presented specific facts explaining its inability to make a substantive response and specifically demonstrating how postponement of a ruling on the motion will enable it, by discovery, to rebut the movant's showing of the absence of a genuine issue of fact and defeat summary judgment. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (construing former FED. R. CIV. P. 56(f)). In sum, Plaintiff has set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicated how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. *See Raby*, 600 F.3d at 561.

Accordingly, the Scheduling Order will be modified to extend the deadlines for discovery, expert designations and reports, and briefing on the motions for summary judgment, and the remaining trial-related deadlines are VACATED and will be reset by a separate order by Judge Boyle. If Plaintiff determines that, after additional discovery, it needs to designate a new expert, Plaintiff must seek that relief by a motion at that time.

The Scheduling Order [Dkt. No. 10] is modified to amend certain expired or pending deadlines as follows:

- Defendant's Expert Report must be served by **September 21, 2014**.

- All discovery must be completed by **October 11, 2014**.

- Rebuttal Expert Designations must be filed by 30 days after disclosure made by another party.

- Expert Objections must be filed by **October 31, 2014**.

- Plaintiff's supplemental responses to motions for summary judgment must be filed by **November 19, 2014**, and each Defendant's reply in support of his respective motion must be filed 14 days after the filing of Plaintiff's supplemental response to that particular motion.

### Motions for Adverse Inference and Related Sanctions and to Extend Deadline for Completing Expert Report

On August 14, 2014, Plaintiff filed a Motion for Adverse Inference and Related Sanctions. *See* Dkt. No. 76. Plaintiff seeks to reopen discovery concerning the negative impact of Groom's alleged discovery abuse and requests an adverse inference instruction based on Groom's alleged spoliation of evidence.

To the extent that the requests for relief in this motion have not been mooted by the Court's ruling in this order, Plaintiff's Motion for Adverse Inference and Related Sanctions is not yet ripe. Defendants' response is due by September 3, 2014, and Plaintiff may file a reply by September 10, 2014. *See* Dkt. No. 110.

Plaintiff's Motion to Extend Deadline for Completing Expert Report [Dkt. No. 104], which was filed August 21, 2014, likewise is not yet ripe. Defendants' response is due by August 29, 2014, and Plaintiff may file a reply by September 3, 2014. *See* Dkt.

No. 111.

The undersigned defers ruling on these motions until after Defendants have an opportunity to respond, and the time for filing the response and reply have passed.

**Conclusion**

Plaintiff's Motion for Leave to Re-Serve Subpoena on Third Party [Dkt. No. 37] is GRANTED, and Plaintiff is granted leave to re-serve a subpoena on Stover Manufacturing, LLC.

Plaintiff's Motion to Modify Scheduling Order [Dkt. No. 39] is GRANTED as explained above.

Defendants' Motion to Strike Plaintiff's "Supplement" to Its Motion to Modify the Scheduling Order [Dkt. No. 52] is DENIED.

Plaintiff's Motion for Deferred Consideration of Motion for Summary Judgment Under Rule 56(d) [Dkt. No. 70] is GRANTED as explained above.

SO ORDERED.

DATE: August 26, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE